UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No.: 6:06-cv-1743-GRA |
| | ) | 6:06-cv-1809-GRA |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| JPS Composite Materials Corp. and JPS Industries, Inc., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Plaintiff United States of America's ("the government's") Motion for Summary Judgment, filed on May 17, 2007. Defendants JPS Industries, Inc. and JPS Composite Materials Corp. (hereinafter "JPS Group") filed a memorandum in opposition to the government's motion on June 4, 2007. Counsel for Plaintiff and Defendants presented oral arguments on the motion before this Court on June 25, 2007. After reviewing the memoranda filed by the parties and the oral arguments presented, the Court GRANTS the government's Motion for Summary Judgment.

### I. Procedural History

This case involves tax refunds that the Internal Revenue Service ["IRS"] alleges were erroneously issued to the defendants. The government alleges that Defendants made certain payments to employees following an alleged reduction in their work force

for each of the quarters ending March 31, 2000; June 30, 2000; September 30, 2000; and December 31, 2000. Defendants reported the benefits paid to these employees as "wages" subject to the Federal Insurance Contributions Act ["FICA"]. Subsequently, Defendants claimed a refund on such taxes paid to the IRS alleging that the payments were erroneously subjected to FICA and/or Medicare. The IRS granted the refunds as to the first two quarters (but not as to the third and fourth quarters) in the total amount (plus interest) of $70,738.60.

The IRS subsequently filed suit that the refunds were erroneous. The IRS claims the payments to the employees made by Defendants were "wages" under the provisions of IRS § 3121(a); thus, the IRS maintains that the payments were subject to the FICA tax. The government seeks a refund in the amount of $70,738.60 and $ 38,184.61. Defendants denied any such claims, and brought a counterclaim against the government for a refund. Defendants sought a refund of FICA/Medicare taxes paid in the third and fourth quarters in the amount of $4370.26, plus interest.

The issue before the Court is whether certain "supplemental unemployment compensation benefit[s]" or "SUB" pay, as defined by 26 U.S.C. § 3402(o) of the Internal Revenue Code, are "wages" as the term is used under FICA. *See* 26 U.S.C. § 3121(a). If the answer to this question is yes, then SUB pay would be taxable under FICA.

At the hearing on June 25, 2007, the Court deferred ruling on the instant motion until the Federal Circuit issued its decision in CSX case, a related case on

appeal from the Federal Claims Court which both parties cited and relied on in their briefs.  See *CSX Corp v. United States*, 52 Fed. Cl. 208 (2002), *rev'd in part*, 2008 WL 697590 (Fed. Cir. March 6, 2008).  The issue in the CSX case was the same as the issue in the instant case.  On March 6, 2008, the Federal Circuit issued its decision.  The Court will now rule on Plaintiff's motion.

## II.  Discussion

A.    Standard of Review

To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact."  See *Signal v. Gonzales*, 430 F. Supp. 2d 528, 537 (D.S.C. 2006) (citing Fed. R. Civ. P. 56(c)).  "The judge is not to weigh the evidence but rather to determine if there is a genuine issue for trial."  *Stevens v. Del Webb Communities, Inc.,* 456 F. Supp. 2d 698, 705-06 (D.S.C. 2006) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)).  Summary judgment is appropriate where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party."  *Id.* (citations omitted).  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317,322 (1986).  Summary judgment is not "a disfavored procedural shortcut," but an important

mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

B.  Analysis

Defendants in the instant case relied on the Federal Claims Court's holding that SUB payments were non-wages for FICA purposes. *See CSX Corp.*, 52 Fed. Cl. at 216-21. The defendants argue that the three types of severance payments made to their employees *were* SUB payments; therefore, they maintain that the payments are not taxable under FICA. (Defs.' Mem. in Opposition 8-9.)

On March 6, 2008, the Federal Circuit reversed the Federal Claims Court's ruling in part, and held that payments that qualify as SUB payments under the statutory definition in 26 U.S.C. § 3402(o)(2)(A) are "wages" for purposes of FICA and are taxable. *CSX Corp. v. United States*, No. 2007-5003, 2007-5004, 2007-5005, 2007-5006, 2007-5007, 2008 WL 697590, at *23 (Fed. Cir. March 6, 2008). In light of the Federal Circuit's reversal of the Federal Claims Court's ruling, the Court finds that the SUB payments at issue in this case are "wages" for purposes of FICA and are subject to the FICA tax. Therefore, the Court GRANTS the government's Motion for Summary Judgment.

### III. Conclusion

IT IS THEREFORE ORDERED THAT the plaintiff's Motion for Summary Judgment is GRANTED.

**IT IS SO ORDERED**.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

March 25, 2008